UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EARL TRUVIA, ET AL                                                CIVIL ACTION

VERSUS                                                            NO.  04-0680 c/w 04-0682

HENRY P. JULIEN, JR., ET AL                                       SECTION  "N"  (2)

## <u>ORDER AND REASONS</u>

Presently before the Court is Plaintiffs' "Motion for Reconsideration and/or to Alter/Amend Judgment" (Rec. Doc. 282).  Having carefully considered the parties' submissions and applicable law, **IT IS ORDERED**, for the reasons stated herein, that the motion is **DENIED**. Accordingly, as stated in the Court's prior Order and Reasons (Rec. Doc. 280),  **IT IS ORDERED** that Plaintiffs' claims against Defendant Harry Connick, in his official capacity as the (former) District Attorney for the Parish of Orleans,  Defendant Eddie Jordan, in his official capacity as the (former) District Attorney for the Parish of Orleans, Defendant City of New Orleans, and Defendants Joseph Micelli and George Heath, in their individual capacities as former New Orleans Police Department detectives, are **DISMISSED WITH PREJUDICE**.[1]

---

[1]     Plaintiffs' claims against Defendant Connick, in his individual capacity, along with their claims against Defendants Henry Julien, Jr., and Kurt Sins, were dismissed, by the Court, in 2004, on grounds of absolute prosecutorial liability.  *See* Rec. Docs. 32-33, and 70.  Plaintiffs also previously voluntarily dismissed their claims against former New Orleans Police Department Officers/Detectives Lawrence Elsensohn, Pascal Saladino and Robert Laviolette.  *See* Rec. Docs. 260 and 267.

As reflected in the Court's prior Order and Reasons (Rec. Doc. 280), Plaintiffs' official capacity claims against Defendants Connick and Jordan rest on assertions that, during the pendency of the criminal proceedings at issue here, Connick, as the District Attorney for the Parish of Orleans:  (1) had a policy of withholding exculpatory evidence in violation *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny;[2] and (2) failed to train and supervise his prosecutors regarding the requirements of *Brady* such that his failure constituted deliberate indifference to criminal defendants' constitutional rights.  Plaintiffs' claims against the City of New Orleans and former New Orleans Police Department Detectives Micelli and Heath likewise concern alleged violations of the constitutional obligations recognized in *Brady* and its progeny. On the showing made, the Court finds that the aforementioned defendants are entitled to summary judgment in their favor relative to these claims.

The primary focus of Plaintiffs' motion for reconsideration is the contention that, given the state court's 2002 ruling,[3] this Court is required, as a matter of law, to find that (former) Assistant District Attorney Henry Julien did not allow Plaintiffs' defense counsel to review the prosecution's case file prior to or during the course of their 1976 criminal trial.  Even if  Plaintiffs

---

[2]        For purposes of establishing municipal liability under 42 U.S.C. § 1983, "[t]he official policy itself must be unconstitutional or, if not, must have been adopted 'with deliberate indifference to the known or obvious fact that such constitutional violations would result.'" *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009), *cert. denied*, 130 S.Ct. 1078 (2010) (quoting *Johnson v. Deep East Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004)).  "Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it 'must amount to an intentional choice, not merely an unintentionally negligent oversight." *Id.* at 17-18 (quoting *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992).

[3]        *See* October 1, 2001 Judgment (Rec. Doc. 164-3) issued by Judge Charles Elloie in *State v. Bright and Truvia*, No. 252-514, Sect. A, Criminal District Court, Parish of Orleans, State of Louisiana.

2

are correct, which the Court does not decide, the Court's prior conclusion – that no genuine issue of material fact has been demonstrated to exist in Plaintiffs' favor relative to their claims for damages against the aforementioned defendants – is unchanged for the other reasons stated in the Court's prior Order and Reasons.

Thus, with respect to the official capacity claims asserted against Defendants Connick and Jordan, the Court finds, on the showing made, that no triable issue has been demonstrated relative to the existence of an unlawful policy, custom, or practice in Connick's office, in 1975 and 1976, of violating criminal defendants' constitutional rights, under *Brady* and its progeny, by purposefully withholding exculpatory evidence, or, in any event, reflecting deliberate indifference to defendants' rights to such evidence. The same is true relative to Plaintiffs' contention that, in 1975 and 1976, Connick failed to train and supervise his prosecutors regarding the requirements of *Brady* such that his failure constitutes deliberate indifference for purposes of 42 U.S.C. §1983.

Regarding Plaintiffs' claims against the City of New Orleans, Plaintiffs' motion similarly fails. As the Court previously concluded, in hindsight the documentary policies and procedures employed by the New Orleans Police Department ("NOPD") in 1975 and 1976 arguably could have better. Nevertheless, on the showing made, Plaintiffs likewise have not demonstrated a triable issue, relative to the existence of an NOPD policy, custom, or practice during that time, of violating constitutional rights by purposefully withholding exculpatory evidence from the prosecutor and defendant, or reflecting deliberate indifference to whether that evidence should be turned over to the prosecutor for disclosure to criminal defendants. The Court additionally finds no triable issue to exist with respect to whether the NOPD's training of its officers relative to *Brady* obligations,

3

during the time period at issue, reflects a policy of deliberate indifference. This is particularly true when the still evolving state of the law, in late 1975 and early 1976, is considered.[4]

       Lastly, with respect to the claims asserted against Defendants Micelli and Heath, Plaintiffs' motion additionally contends that the Court's prior Order and Reasons imposed "a willfulness state of mind requirement on the withholding of exculpatory evidence," which "improperly increases what actually must be shown to prove a constitutional *Brady* violation." *See* Rec. Doc. 282-1, p. 20.  Plaintiffs are incorrect.  The referenced portion of the Court's language is directed to determining whether qualified immunity principles protect Defendants Micelli and Heath from liability, not, significantly, whether any *Brady* violation occurred.   As previously stated, the Court finds no triable fact issue to exist such that these defendants are deprived of the protection of qualified immunity. This Court again reaches this conclusion whether or not it considers the recently

---

[4]      For example, though obviously subject to federal constitutional requirements, prior to a 1984 amendment to La. R.S. 44:3, police reports, under Louisiana law, generally were considered confidential and not subject to disclosure. *See, e.g., State v. Ward*, 483 So. 2d 578, 583, *cert. denied*, 479 U.S. 871 (1986) (discussing amendment); *State v. Shropshire*, 471 So. 2d 707, 708-09 (1985) (same).  Additionally, as discussed in the prior Order and Reasons (Rec. Doc. 280, p. 19, n. 27), the parties' submissions suggest that if the police department did not provide certain documents to the District Attorney's office, the selection seemingly turned on the type of document, *e.g.,* detectives' field notes or daily reports, rather than a case report or field arrest report, or how comprehensive other documents were, rather than its contents.  *See, e.g.,* Julien Depo. (Rec. Doc. 267-3), at 45-48, and 53-68;  Transcript of Joseph Micelli Deposition ("Micelli Depo.") (Rec. Doc. 267-1), at 37-40 and 50-51;  Transcript of George Heath Deposition ("Heath Depo.") (Rec. Doc. 115), at 26-29, 42-44, 68-83; Transcript of Pascal Saladino Deposition ("Saladino Depo.")(Rec. Doc.150, Exhibit 4)(Manual Attachment), at 17-20, 59-64; Transcript of Robert Laviolette, Jr. Deposition ("Laviolette Depo.")(Rec. Doc.150, Exhibit 5)(Manual Attachment), at 6-14.

obtained deposition testimony of Kevin Smith, Ricky Navarre, and Alfred Marshall also referenced

by Plaintiffs in support of their motion for reconsideration. *See* Rec. Doc. 282-1, pp. 21-24.

      New Orleans, Louisiana, this 8th day of May 2013.

**KURT D. ENGELHARDT**
**United States District Judge**